IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOHNNY LOPEZ, | § | |
| | § | No. 387, 2014 |
| Defendant Below-<br>Appellant, | § | |
| | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID 0303004588 |
| Plaintiff Below-<br>Appellee. | § | |
| | § | |

Submitted: August 25, 2014
Decided: September 29, 2014

Before **HOLLAND**, **RIDGELY**, and **VALIHURA**, Justices.

## O R D E R

This 29th day of September 2014, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Johnny Lopez, filed this appeal from the Superior Court's order, dated July 9, 2014, denying his motion for correction or reduction of sentence. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Lopez's opening brief that his appeal is without merit. We agree and affirm.

(2) A Superior Court jury convicted Lopez in November 2003 of Trafficking in Cocaine (5-50g), Possession with Intent to Deliver Cocaine

("PWID"), Maintaining a Dwelling for Keeping a Controlled Substance, and Possession of Drug Paraphernalia. The Superior Court immediately sentenced Lopez to twenty-one years at Level V incarceration to be suspended after serving eighteen years in prison for three years at decreasing levels of supervision. This Court affirmed Lopez's convictions and sentences on direct appeal.[1] Thereafter, Lopez moved for postconviction relief, which the Superior Court denied. We affirmed that denial on appeal.[2]

(3) In July 2009, Lopez filed a motion requesting to be resentenced under House Bill 210, which had reduced the minimum mandatory prison term for a second or subsequent conviction of PWID.[3] The Superior Court denied the motion, holding that HB 210 did not provide Lopez the right to be resentenced. Lopez did not appeal. In 2010, Lopez filed a motion for correction of illegal sentence under Superior Court Criminal Rule 35(a), which the Superior Court again summarily denied. In 2014, Lopez filed his third motion modification or correction of his sentence. The Superior Court denied his motion on July 9, 2014. This appeal followed.

(4) We review the Superior Court's denial of a motion for correction of sentence under Rule 35(a) for abuse of discretion, although questions of law are

---

[1] *Lopez v. State*, 861 A.2d 1245 (Del. 2004).

[2] *Lopez v. State*, 2008 WL 835158 (Del. Mar. 28, 2009).

[3] *See* 74 Del. Laws ch. 106 (effective June 30, 2003).

reviewed *de novo*.[4]  Relief under Rule 35(a) is available when the sentence imposed exceeds the statutorily authorized limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to substance, or is a sentence that the judgment of conviction did not authorize.[5]

(5)  Lopez raises two arguments in this opening brief.  First, he contends that the Superior Court erred in failing to properly consider his motion as a motion for correction of an illegal sentence under Rule 35(a).  Second, he asserts that the Superior Court erred in failing to grant his motion because he should have been allowed the option of being sentenced under the amended statute reducing the minimum mandatory term of incarceration for his PWID conviction.

(6)  We find no merit to either claim.  Although it did not explicitly cite to Superior Court Criminal Rule 35(a) its order, the Superior Court denied Lopez's motion, among other reasons, because the motion raised essentially the same claim that had been raised in his prior unsuccessful motions for correction of illegal sentence and because Lopez had provided no additional information to warrant reconsideration.  Under the circumstances, we find no merit to Lopez's contention

---

[4] *Williams v. State*, 2012 WL 4663065, *1 (Del. Oct. 2, 2012).

[5] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

that the Superior Court failed to properly consider the merits of his motion under Rule 35(a).

(7)     Moreover, we find no merit to Lopez's second argument that his sentence is illegal because he had a right to be sentenced under the amended statute, which reduced the minimum mandatory sentence for his second conviction of PWID.  Lopez was arrested and indicted in this case in March 2003.  House Bill 210 became effective on June 30, 2003.  This Court previously held that House Bill 210 applies only to offenses committed after June 30, 2003 and is not retroactively applicable.[6]  Accordingly, Lopez had no right to be sentenced under the amended statute.  He was properly sentenced under the statute that existed at the time of his crimes.  His sentence, therefore, is not illegal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Randy J. Holland
Justice

---

[6] *Seeney v. State*, 2004 WL 2297394 (Del. Oct. 7, 2004).